IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATHANIEL T.
HURT,

                    Petitioner,

          v.                         CASE NO.   09-3142-SAC

DAVID McKUNE,
et al.,

                    Respondent.

O R D E R

   This petition for writ of habeas corpus, 28 U.S.C. § 2254, was
filed by an inmate of the Lansing Correctional Facility, Lansing,
Kansas.  Petitioner has also filed a copy of his Inmate Account
Statement for the six months preceding the filing of this Petition,
which the court has filed as a Motion for Leave to Proceed in forma
pauperis.  Having examined petitioner's financial information, it
appears to the court that he is able to pay the filing fee herein of
$5.00.  Accordingly, his motion shall be denied, and he will be
given time to pay the filing fee.  This action may not proceed until
the filing fee is paid.

   On February 26, 2003, petitioner was convicted by a jury and
sentenced in Sedgwick County District Court, Wichita, Kansas, to
"Life w/ 50 years parole eligibility" (Hard-50 sentence) for First
Degree Murder and 24 months for aggravated assault.  He was also
sentenced to 8 months for unlawful possession of a firearm, upon his
plea of guilty.  The facts underlying his convictions include that
on October 4, 2002, Hurt shot and killed Nicole Palma in front of
her home.  According to Hurt, he and Palma were involved in an
exclusive relationship and when Hurt discovered that Palma and a

close friend of Hurt's were engaging in a secret sexual relationship, Hurt "just lost it." Hurt contended the killing was committed "in the heat of passion" and was "merely voluntary manslaughter".

Petitioner directly appealed his convictions. He attaches the written opinion of the Kansas Supreme Court affirming his convictions and sentences, which was filed on December 17, 2004. See State of Kansas v. Hurt, 278 Kan. 676, 101 P.3d 1249 (Kan. 2004).

"In December, 2005," petitioner filed a petition under K.S.A. § 60-1507 claiming ineffective assistance of counsel (Case No. 05 CV 4634), which was denied without a hearing[1]. He appealed the denial, and the Kansas Court of Appeals (KCOA) affirmed. Hurt v. State, 181 P.3d 589 (Kan.App. Apr. 18, 2008)(unpublished). His Petition for Review was denied on July 2, 2008.

As Ground One for this Petition, Mr. Hurt claims he was denied effective assistance of counsel. Petitioner did not raise this issue on direct appeal but, as noted, raised it in his post-conviction motion. As Ground Two, petitioner claims he was denied a fair trial due to prosecutorial misconduct during closing argument. Petitioner raised this issue on direct appeal, and not in his post-conviction motion. As Ground Three, petitioner claims the "Kansas hard 50 sentencing provisions are unconstitutional" under Apprendi v. New Jersey, 530 U.S. 466 (2000) or Blakely v.

---

[1]     Petitioner complains that he was not provided a hearing on his 1507 motion and that the state district court violated Kansas Supreme Court Rule 183(j) in that it did not make findings of fact and conclusions of law on all issues presented.  These claims involve matters of state law and are not grounds for federal habeas corpus relief.

Washington, 542 U.S. 296 (2004).  This claim was raised on direct appeal and in petitioner's 60-1507 motion.  It thus appears that all issues raised herein have been presented to the highest state court.

However, it also appears that petitioner did not file this § 2254 Petition within the applicable time limit.  The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."  28 U.S.C. § 2244(d)(2).

The court tentatively finds the facts relevant to the limitations period in petitioner's case to be as follows.  The Kansas Supreme Court affirmed Mr. Hurt's convictions on direct appeal on December 17, 2004.  It follows that Mr. Hurt's convictions and sentences became "final" ninety days later, which was on or about March 17, 2005.  The statute of limitations began running on that date and continued to run until Mr. Hurt filed his 60-1507 petition "in December, 2005."  It thus ran for over eight months with no apparent interruption.  Assuming the 1507 petition was filed on the first day of December, 2005, the limitations period was tolled on that date and remained tolled for as long as this state action was "pending".  The state post-conviction proceedings were no

longer pending when the Kansas Supreme Court denied review on July 2, 2008. Thus, on July 3, 2008, the statute of limitations again began running. At that time, four months or less remained of the one-year limitations period. Petitioner did not file his federal Petition until nearly 12 months later, on July 1, 2009. It therefore appears that the instant Petition was not filed until nearly 8 months after the limitations period had already expired.

From the foregoing facts, the court tentatively finds that this Petition is subject to being dismissed as time-barred. If petitioner cannot show that he is entitled to additional statutory tolling, he must allege facts demonstrating his entitlement to equitable tolling. Equitable tolling of the limitation period is allowed when "an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 525 U.S. 891 (1998); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001).

The court will give petitioner an opportunity to show that this Petition should not be dismissed as time-barred. If he does not present facts within the time provided indicating that the statute of limitations in this case was tolled, either by statute or by equitable tolling[2], then this action will be dismissed as time-

---

[2]     Equitable tolling is warranted only in "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808(10th Cir. 2000), quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his federal petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Miller, 141 F.3d at 978; Marsh, 223 F.3d at 1220. The Tenth Circuit has stated that equitable tolling is appropriate, for example, where

barred.

Petitioner requests appointment of counsel and an evidentiary hearing.  These requests were not filed as motions and are denied, without prejudice, to his filing a Motion for Appointment of Counsel and a Motion for Evidentiary Hearing, if this action is not dismissed as time-barred.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 3) is denied.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to pay the filing fee herein of $5.00 and to show cause why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that petitioner's requests in his Memorandum (Doc. 2) for appointment of counsel and an evidentiary hearing are denied without prejudice.

**IT IS SO ORDERED.**

Dated this 16th day of July, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.  Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).
    Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling.  See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001).  Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner.  Marsh, 223 F.3d at 1220; Miller, 141 F.3d at 978; Gibson, 232 F.3d at 808.