# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**NATHENIAL T. HURT,**

        **Petitioner,**

        v.                      CASE NO. 09-3142-SAC

**DAVID McKUNE,**
**et al.,**

        **Respondents.**

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254. The $5.00 filing fee was paid. On July 16, 2009, the court entered an Order requiring petitioner to show cause why this action should not be dismissed as time-barred based upon tentative facts set forth in that Order. Petitioner has filed a Response (Doc. 5). Having considered all materials filed, the court finds as follows.

In his Response, petitioner does not refute the relevant dates tentatively found by the court, and does not argue that the instant petition was filed within the one-year statute of limitations. The court thus finds that Mr. Hurt's convictions and sentences became "final" on or about March 17, 2005, and the statute of limitations began running on that date[1]. The court further finds the limitations period ran without interruption for over 8 months until Mr. Hurt filed his 60-1507 petition in December

---

[1] As the court stated in its previous order:

The Kansas Supreme Court affirmed Mr. Hurt's convictions on direct appeal on December 17, 2004. It follows that Mr. Hurt's convictions and sentences became "final" ninety days later, which was on or about March 17, 2005. The statute of limitations began running on that date and continued to run until Mr. Hurt filed his 60-1507 petition "in December, 2005."

2005.  The limitations period was then tolled through July 2, 2008[2].  On July 3, 2008, the statute of limitations recommenced with less than 4 months remaining.  The instant federal petition was not filed until nearly 12 months later on July 1, 2009.  The court concludes this federal petition was filed nearly 8 months after the limitations period had already expired.

Petitioner does not claim a later start date for the limitations period than that set forth in the court's prior Order.  Nor does he allege facts indicating he is entitled to any additional statutory tolling.  Rather, he argues he is entitled to equitable tolling.  The limitations period may be equitably tolled if a petitioner "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

The main basis for petitioner's equitable tolling argument is attorney error.  He alleges his retained counsel "erroneously advised" him that the statutory deadline under 28 U.S.C. § 2244(d) for him to file a federal habeas petition was July 7, 2009.  He argues that counsel's erroneous advice amounted to ineffective assistance of counsel, and that "constitutionally ineffective assistance of counsel constitutes cause".  Attorney error, without more, was rejected as a basis for equitable tolling by the Tenth

---

[2]  As the court previously found:

Assuming the 1507 petition was filed on the first day of December, 2005, the limitations period was tolled on that date and remained tolled for as long as this state action was "pending".  The state post-conviction proceedings were no longer pending when the Kansas Supreme Court denied review on July 2, 2008.  Thus, on July 3, 2008, the statute of limitations again began running.

2

Circuit in <u>Gunderson v. Abbott</u>, 172 Fed. Appx. 806, 2006 WL 752038, *3 (10th Cir. 2006)[3]. There, the court stated:

> Attorney error is generally not a basis for equitable tolling of the federal habeas deadline. <u>See</u>, <u>e.g.</u>, <u>Merritt v. Blaine</u>, 326 F.3d 157, 169 (3d Cir. 2003)(applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citations omitted); <u>Rouse v. Lee</u>, 339 F.3d 238, 248 (4th Cir. 2003)("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding")(internal citations omitted); <u>United States v. Martin</u>, 408 F.3d 1089, 1093 (8th Cir. 2005)("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [for equitable tolling purposes]").

<u>Id</u>. Petitioner's allegations that his retained counsel was mistaken about the time limit and did not adequately research the matter are at most claims of attorney negligence or error. Assuming the truth of the facts alleged, petitioner does not show egregious attorney misconduct. The Tenth Circuit has consistently stated that "attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorney's actions or failures." <u>Fleming</u>, 481 F.3d at 1249, 1255-56 (10th Cir. 2007)[4].

---

[3] Copies of the unpublished opinions cited herein are attached.

[4] Petitioner retained counsel to represent him in a habeas action. Habeas counsel's negligence is not generally a basis for equitable tolling because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." <u>Id</u>., (citing <u>Coleman v. Thompson</u>, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

While it is true that "[e]gregious attorney misconduct may constitute "extraordinary circumstances" justifying equitable tolling. Fleming v. Evans, 481 F.3d 149, 1256 (10th Cir. 2007), petitioner's allegations do not amount to egregious misconduct. He does not allege any facts suggesting his attorney intentionally misled him. In short, Mr. Hurt has not met his burden of showing he is entitled to equitable tolling based on attorney error.

Petitioner also argues that "the purported procedural default herein does not apply to substantive mental competency claims." He contends "procedurally-defaulted competency claims" may be reviewed on federal habeas corpus absent a showing of cause and prejudice or a miscarriage of justice, and that "substantive mental competency claims defeat a procedural bar". The difficulty with petitioner's assertions of incompetency as a basis for equitable tolling is the same as he encountered with this claim in the state appellate courts. See Petition (Doc. 1), Exh. 2, Memorandum Opinion in Hurt v. State, No. 97469 (April 18, 2008)(Hurt's appeal of denial of his 60-1507 motion). He alleges no facts other than his contested memory loss[5] as the basis for his claim of mental incompetency at the time of the offense, and no facts whatsoever indicating he was mentally incompetent at trial. There were eyewitnesses to the murder and his attorney argued, without success, that the shooting was committed in the heat of passion so Hurt should not be found guilty of first degree murder.

---

[5] He testified at trial that he did not remember killing the victim. Id. However, a police officer that spoke to him on the phone as authorities surrounded his house, testified Hurt stated he had shot the victim.

Id. While Hurt apparently raised the claim in his 60-1507 motion that his trial defense counsel was ineffective for failing to investigate and present a defense of mental incompetency instead, the Kansas Court of Appeals found Hurt had, on appeal, dropped his claim of incompetency to stand trial. Id. at 19-21. They further found he never claimed he lacked the requisite intent, which is the mental defense available under Kansas law, and that he simply raised the question of whether a mens rea defense was available and explored by his defense counsel rather than providing facts indicating it must have been. A claim of mental defect at the time of the offense is not even one of the grounds raised in Hurt's federal petition. He raises it now as an exceptional circumstance entitling him to equitable tolling. However, like in state court, he still presents no evidence that he lacked the necessary intent due to mental disease or defect at the time of the offenses or that he was not competent to stand trial. See Fisher v. Gibson, 262 F.3d 1135, 1144-45 (10th Cir. 2001), cert. denied, 535 U.S. 1034 (2002). Neither his alleged memory loss, nor his statement that he asked his attorney to present "the sanity defense in his case", provides a factual basis for a finding here that he was or is mentally incompetent. Conclusory allegations of incompetency do not suffice as a basis for equitable tolling. Id. at 1145.

Finally, Mr. Hurt objects to this court's sua sponte notice and consideration of a possible time-bar in his case. This district has held that a federal court reviewing a petition for habeas corpus by a state prisoner may sua sponte raise the issue of whether or not the application has been timely filed. See Gales v. Morrison, 2008 WL 185794, *1 (D.Kan. Jan. 18, 2008)(citing Jackson

5

v. Sec. for Dept. of Corrections, 292 F.3d 1347 (11th Cir. 2002)(joining other circuits in holding that district court has discretion to review sua sponte the timeliness of a 2254 petition)), appeal dismissed, 283 Fed.Appx. 656 (10th Cir. Jul. 1, 2008), cert. denied, ___U.S.___, 129 S.Ct. 276 (Oct, 1, 2008); see also Rivera v. Beck, No. 04-6317, 2005 WL 226249, *2 (10th Cir., Feb.1, 2005)(unpublished op.)(finding Magistrate Judge properly raised limitation issue sua sponte under Rule 4 in 28 U.S.C. § 2254 habeas proceeding).

For all the foregoing reasons, the court finds petitioner has not shown he is entitled to equitable tolling. The court concludes that the instant petition is time-barred and must be dismissed.

**IT IS THEREFORE ORDERED** that this action is dismissed as time-barred.

**IT IS SO ORDERED.**

Dated this 21st day of October, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge